IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUDY BONILLA, #01756480, PETITIONER, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:21-CV-1876-K-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Rudy Bonilla's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, Bonilla's habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I. BACKGROUND**

In 2011, a jury convicted Bonilla of capital murder and he was sentenced to life without the possibility of parole. *Bonilla v. State*, No. F1100598 (292nd Judicial Dist. Ct., Dallas Cnty., Tex., Oct. 7, 2011); Doc. 3 at 1. The Fifth District Court of Appeals affirmed his conviction on direct appeal. *Bonilla v. State*, No. 05-11-01489-CR, 2012 WL 6178254 (Tex. App.—Dallas Dec. 12, 2012, no pet). On January 7, 2013, Bonilla was granted an extension to March 12,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

2013, to file a petition for discretionary review (PDR), but he failed to do so. *Bonilla v. State*, No. PD-0002-13 (Tex. Crim. App. 2013).[2] Later, Bonilla unsuccessfully sought state habeas relief. *Ex parte Bonilla*, No. WR-92-206-01 (Tex. Crim. App. Mar. 17, 2021).[3]

On August 12, 2021, Bonilla filed this federal habeas action. Doc. 3 at 1. He attacks the indictment, the jury charge, and the ineffective assistance of counsel. Doc. 3 at 7-10. Also, in the section asking him to address the timeliness of his petition, Bonilla alleges that he lacks "the mental capacity to understand or know that violation of rights occurred." Doc. 3 at 12.

As his federal petition appeared untimely, the Court directed Bonilla to respond regarding the application of the one-year limitations period. Doc. 6. To date, however, he has failed to do so. That notwithstanding, a review of the petition reveals it is indeed barred by the applicable statute of limitations.

**II. ANALYSIS**

**A. One-Year Statute of Limitations and Statutory Tolling**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Bonilla does not allege any facts

---

[2] The PDR docket sheet is available at https://search.txcourts.gov/Case.aspx?cn=PD-0002-13&coa=coscca (last accessed Feb. 8, 2022).

[3] The Court obtained an electronic copy of the state habeas records from the Texas Court of Criminal Appeals (TCCA). The docket sheet is available on the TCCA website at https://search.txcourts.gov/Case.aspx?cn=WR-92,206-01&coa=coscca (last accessed Feb. 8, 2022). Also, an electronic copy of the state habeas application is available on the Dallas County website by entering the case number (W1100598A) and clicking on "Application for Writ" https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on Feb. 8, 2022).

that could trigger a starting date under Subsections 2244(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").

Bonilla's conviction became final for purposes of § 2244(d)(1)(A) on March 12, 2013, the last day on which he could have filed a timely PDR pursuant to the Court of Criminal Appeals' order of extension in No. PD-0002-13. *Dolan v. Dretke,* 168 F. App'x 10, *11 (5th Cir. 2006) (per curiam) (holding conviction is final upon expiration of extension of time for filing PDR because PDR is part of the direct review process under Texas law). The limitations period expired one year later, on March 12, 2014. And because Bonilla did not sign his state application until August 7, 2020, over six years after the federal limitations period elapsed, he is not entitled to statutory tolling during its pendency.[4] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the petition *sub judice*, deemed filed on July 28, 2021, is clearly outside the one-year limitations period, absent equitable tolling.[5]

---

[4] The state application is deemed filed on August 7, 2020, the date on which Bonilla indicated it was signed and, therefore, likely it was also handed to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); *Ex parte Bonilla*, No. W1100598A, for a copy of the application on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on Feb. 8, 2022).

[5] The federal petition is deemed filed on July 28, 2021, the date Bonilla certifies placing it in the prison mail system. Doc. 3 at 13; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("mailbox rule" applies when inmates use the prison's internal mailing system).

**B. Equitable Tolling**

Bonilla's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and quoted case omitted). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

Furthermore, this is not a case in which Bonilla pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. Bonilla waited over seven years from the date his conviction became final to file his state habeas application and delayed more than four months after his state application was denied before he submitted the instant federal petition for mailing. Moreover, his *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. Doc. 3 at 12. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per

curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

In addition, in his federal petition, Bonilla merely asserts that he lacks "the mental capacity to understand or know that violation of rights occurred." Doc. 3 at 12. While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam). Unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Id.* Moreover, the mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id.; see also Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (per curiam) (affirming denial of equitable tolling based on mental condition where petitioner was stable and capable of filing his petition for a period that lasted over one year).

Bonilla has proffered nothing to demonstrate that, during the one-year period, he suffered from a mental illness that prevented him from pursing his legal rights. Doc. 3 at 12. Even assuming he suffered from a mental health condition during the one-year period, there is nothing in the record, apart from his self-serving assertions, to suggest that his condition rendered him unable to pursue his legal rights—namely, timely filing his federal habeas petition. *See Crawford v. Davis*, No. 3:18-CV-1486-B-BK, 2018 WL 7078540, at *2 (N.D. Tex. Dec. 27, 2018), R. & R. accepted, 2019 WL 266886 (N.D. Tex. Jan. 18, 2019) (collecting cases declining equitable tolling based on vague, unsupported, self-serving, allegations that mental health issues prevented the petitioner from seeking habeas relief during the one-year period).

Consequently, Bonilla has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on February 15, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).